[No. 747.   Decided March 29, 1893.]

STAVER & WALKER, *Appellant*, v. C. A. MISSIMER *et al.*,
*Respondents.*

PROMISE TO FORBEAR SUIT — CONSIDERATION — MAY BE PLEADED
IN BAR.

An accepted order upon a third person for the payment of a debt
not due is sufficient consideration for an agreement to forbear to
sue upon a note which is past due.

A promise to forbear to sue for a definite time, where the prom-
ise is based upon a sufficient consideration, may be pleaded in bar
to an action.

*Appeal from Superior Court, Snohomish County.*

Action by Staver & Walker against C. A. Missimer and
H. W. Illman, copartners, and their wives, to foreclose two
mortgages given to secure the sum of $2,044, evidenced by
four notes, each dated November 10, 1890, one for $500,
due March 10, 1891, and one for $500, due May 10, 1891,
one for $500, due July 10, 1891, and one for $544, due
August 10, 1891.   The first note had been paid prior to
suit.   Defendants admit the amount claimed in the com-
plaint to be unpaid, but allege as an affirmative defense
that prior to October 26, 1891, the defendants were further
indebted to the plaintiff upon two unsecured notes, one for
$330, due October 1, 1891, and one for $486.97, due No-
vember 1, 1891, and also upon an unsecured open account;
that on said 26th day of October, 1891, the said plaintiff
entered into an agreement with defendants to take an ac-
cepted order for $1,000 on Eliza J. Blackman and Fannie
L. Churchill, to be applied upon said unsecured notes and
open account, when paid, and that the time of payment on
the notes secured by mortgage should be extended for one
year from said 26th day of October, 1891.   Plaintiff de-
murred to said answer on the ground that the same did not
state facts sufficient to constitute a good and valid defense

to the action.   The demurrer was overruled, and plaintiff replied.   Upon a trial had before the court, judgment was rendered for defendants.   From said judgment, and from the order overruling plaintiff's demurrer, appeal is taken.

*Bell & Austin*, and *Blaine & De Vries*, for appellant.
*Ault & Munns*, for respondents.

The opinion of the court was delivered by

DUNBAR, C. J.— So far as the testimony in this case is concerned, it is very conflicting; but, considering all the circumstances in the case, especially the fact that appellant received additional security by the arrangement which was made, and the circumstances under which it was made, we do not feel justified in disturbing the findings of the trial judge who had the witnesses before him in the trial of the cause.

The legal questions are raised by the demurrer to the answer, the appellant contending — (1) That the answer failed to state any consideration for the alleged agreement to forbear to sue; (2) that a covenant not to sue for a limited time cannot be pleaded as a bar to the action.

As to the first proposition, appellant admits that payment of a note before the note becomes due is sufficient consideration for a promise or agreement to forbear to sue, but asserts that an order on a third person, and especially a conditional order, is not payment and in no way changes the relation of the parties until payment thereon is made, except to extend the time of payment until the order is payable.   The answer in this case, however, does not set up a conditional order, but alleges that an order was given and accepted, and such an order as was agreed upon by the parties.   And so far as the merits of the case are concerned, the order was paid and respondents given credit for the amount.

The answer also alleges that a portion of the debt was not due. The fact that it would have been due in a short time does not change the principle of law. After the acceptance of this order by Blackman and Churchill, appellant could have maintained an action against them for the amount accepted, and it can make no difference whether the order was taken as absolute payment or as security for an unsecured debt. It is certainly sometimes a very great advantage and benefit to creditors to secure their unsecured accounts, and the value of the consideration is frequently equal to the full value of the debt secured.

"A consideration has been well defined as consisting of 'any act of plaintiff from which the defendant or a stranger derives a benefit or advantage.' . . . It is not necessary that a benefit should accrue to the person making the promise; it is sufficient that something valuable flows from the person to whom it is made, or that he suffers some prejudice or inconvenience, and that the promise is the inducement to the transaction." 5 Lawson, Rights, R. & P. § 2244.

It is alleged in the answer that the promise was the inducement to the transaction, and outside of the benefits flowing to the creditor from the transaction, it is evident that the giving of this order would be something of an inconvenience to business men situated as these respondents were at that time. We think there was a sufficient consideration to support the agreement to extend the time, and the authorities overwhelmingly support this contention.

On the second proposition, it is contended by appellant that the respondents' remedy for a breach of promise not to sue is a claim for damages, and that the agreement cannot be pleaded as a bar to the action. It seems to us that, outside of the fact that proof could only be made of damages which had already accrued at the time of the commencement of the action, and which for that reason would,

in a great many cases, be an entirely inadequate remedy, it is marking out a crooked path for litigants to travel, and one that was in nowise contemplated by their contract.

The law, in construing a contract, adopts rules to ascertain the intention of the parties to the contract, and when that intention is ascertained, if it is a contract which the parties had a right to make, the law will simply enforce it so as to make effective such ascertained intention, and will not make another and a different contract for the parties, and prescribe different remedies and different penalties. In this case the contract was a plain one. The terms were that suit should not be brought for one year. Why should it not be as plainly enforced? If the contract is to be given force at all, it ought to be given the same force as the original contract. There is just as much reason in holding that the defense to an action on a note before it becomes due on the original contract must be confined to a claim for damages, as there is to hold that the defense, where the agreement as to time has been changed, must be so restricted. In each instance it is purely and simply a question of the maturity of the note. No one would have questioned their right under this agreement to take the old notes up and give new ones for the same amounts due one year from date. That was in substance what they did, and directness instead of circumlocution in administering the law ought to be the policy of the courts.

We are aware that there is a great conflict of authority on this question, some cases holding that the remedy is by damages in a separate action, while others, to avoid multifariousness of suits, have been driven to a more inconsistent practice of compelling the defendant to allege his damages in the original action; while still others have enforced the contract that was made by the parties.

The leading case supporting the last practice is *Robinson v. Godfrey*, 2 Mich. 408, where it is pointedly held that the

promise operates directly upon the original contract and to bar an action brought upon said contract before the time limited expires. The court in that case, in an exhaustive opinion, reviews the authorities and points out the manner in which courts have been misled that have sustained the opposite view; and in referring to the decisions in certain cases sustaining the view that the promise was a bar, viz., *Tatlock v. Smith*, 19 Eng. C. L. R. 94; *Stracy v. Bank of England*, 19 Eng. C. L. R. 232; *Allis v. Probyn*, 2 Cromp. M. & R. 408, says:

"These cases seem to establish the proposition that agreements not to sue, and in the same manner, agreements to extend the credit, operate directly upon the rights and obligations of the parties to the contract, and, as the case may be, destroy or suspend the remedy. Indeed, it seems to us that the opposite view contended for, makes a distinction where none exists, violates all legal analogies, frustrates the real intent of the parties and must make the court an instrument of manifest wrong and injustice."

To the same effect: *Blair v. Reid*, 20 Tex. 311, and *Leslie v. Conway*, 59 Cal. 442.

In many other cases the right to plead the promise in bar seems to have been unquestioned, the only contention being over the question of consideration. This is a new question in this state, and, being untrammeled by precedent, we feel free to adopt the rule that seems to us to be the most nearly in accord with the general principles of law applied by courts to the construction and enforcement of contracts, and we therefore decide that a promise to forbear to sue for a definite time, where the promise is based upon a sufficient consideration, can be pleaded in bar to the action.

No error appearing, the judgment is affirmed.

STILES and SCOTT, JJ., concur.

HOYT, J., dissents.

ANDERS, J., not sitting.