[No. 6297. Decided September 25, 1906.]

DRAINAGE DISTRICT No., 15 OF SKAGIT COUNTY, by J. O. Rudene et al., Respondents, v. WILLIAM ARMSTRONG et al., Appellants.[1]

DRAINS—ASSESSMENTS FOR BENEFITS—WAIVER OF DAMAGES—CONTRACT—CONSIDERATION—EVIDENCE—ADMISSIBILITY. Evidence is not admissible of want of consideration for a waiver of damages, signed by property owners upon the organization of a drainage district, which waiver recited as a consideration the desirability of forming the district and that the waiver was necessary therefor, where the evidence offered was that the waiver was induced by fraudulent representations of one R., who was interested in the matter and afterwards one of the commissioners of the district, to the effect that the owners would not be taxed if not benefited, and that R. agreed with them that they would not be benefited; since (1) R. did not agree that they should not be taxed if benefited; (2) the representations were not the consideration recited in the waiver, or the sole consideration; and (3) R. had no authority to agree that they should not be taxed for benefits.

SAME—CONSIDERATION. In such case, a waiver of damages reciting that it was of importance to the signers that the district be organized and that other owners refused to join in the petition unless the waiver was signed, states two sufficient considerations for the waiver.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered February 13, 1906, in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action for the assessment of damages and benefits to lands located within a drainage district. Affirmed.

*Million & Houser*, for appellants.

*McLean & Wakefield*, for respondents.

MOUNT, C. J.—This action was brought by the respondents to assess the damages and benefits to lands located within a drainage district organized pursuant to laws relating to drain-

[1]Reported in 87 Pac. 52.

age districts. Bal. Code, § 3715 *et seq.* (P. C. § 4530). The appellants have appealed from a judgment levying an assessment of $10 per acre for benefits accruing to their lands.

At the trial of the case the appellants sought to offset damages alleged to have accrued to them by reason of a dam which cut off navigation from their warehouses. It appears that, when the petition for the formation of the district was being circulated, appellants signed a contract as follows:

"Waiver of Damages. Whereas, it is proposed to organize a large portion of the territory which drains into the Sullivan Slough in the county of Skagit, Washington, into a drainage district, under and by virtue of the laws of the state of Washington, and Whereas, it is intended to dam said slough at some convenient point, not higher up than the bridge, nor lower down than the section line between section 31 in township 34, and section 6 in township 33 in range 3 in said county, and Whereas, the construction of such dam will cut off steamboat navigation of said slough above the said proposed dam, and Whereas, certain individuals have warehouses for the storage of grain located upon said slough, or the arms thereof, and said parties may have cause of action against said proposed drainage district when the same shall have been organized, and Whereas, it is of importance to said individuals that said drainage district be organized, and certain individuals residing within the territory of said proposed drainage district decline to sign the petition of said proposed drainage district or assist in causing the same to be organized, unless a waiver of damages by reason of the construction of said dam be made by the said individuals so interested, now therefore, we, the undersigned hereby waive any or all right or claims to damages by reason of the construction of said dam and cutting off the navigation of said slough, or any of the arms or branches thereof, and will bring no action for such damages, providing all of the following named individuals sign this waiver."

Appellants offered to prove that, when they signed the above waiver, one Rudene who was interested in establishing the drainage district and who was afterwards elected one of the commissioners of the district, represented to appellants that,

in case they signed said waiver, no assessments for benefits would be made against their lands, and that upon such representation appellants signed the waiver, and that this was the sole consideration therefor. The court received evidence to the effect that appellants told Rudene that they would not receive any benefits, and that Rudene agreed with them. The gist of the evidence upon this point is stated by Mr. Armstrong, one of the appellants, as follows:

"He [Mr. Rudene] said that we were the only ones that stood in the way and would flood the Beaver marsh and that country all out, so we gave in and did not want to stand in the way of a large vicinity in the Beaver marsh, and that is the reason we gave our granaries, and now they want to tax us. He said that if we were not benefited we would not be taxed, and of course we talked it over that we would not be benefited in there and he agreed with us, and that led us to think we never would be taxed."

The court, upon motion of respondents, struck out all the evidence relating to damages on account of the warehouses. Appellants contend upon this appeal that the court erred in striking this testimony and in holding that the contract above set out is a binding waiver of damages. We think the court properly struck out the evidence for several reasons; first, the evidence does not show that Mr. Rudene agreed that appellants should not be taxed if they were benefited; second, this was not the consideration expressed in the written waiver, and was clearly not the sole consideration, and third, Mr. Rudene at no time had any authority to release any one from the payment of benefits; at least, there is no showing of such authority in the record before us.

Appellants also contend that the contract of waiver is not binding upon the appellants, because the waiver is not based upon a valid consideration. The contract of waiver states the consideration as follows:

"It is of importance to said individuals [meaning these appellants and others] that said drainage district be organized, and certain individuals residing within the territory of

the said proposed drainage district decline to sign the petition of said proposed drainage district or assist in causing the same to be organized, unless a waiver of damages by reason of the construction of said dam be made by the said individuals so interested."

Two considerations were here named, one as an advantage of the appellants and the other to obtain the signatures of necessary parties who refused to sign the petition unless such waiver was made. Either of these considerations was sufficient to make the waiver binding upon the appellants. 9 Cyc. 330; 6 Am. & Eng. Ency. Law (2d ed.), p. 721; 1 Parsons, Contracts (8th ed.), p. 468 et seq.; Staver and Walker v. Missimer, 6 Wash. 173, 32 Pac. 995, 36 Am. St. 142.

We think there is no merit in either of the questions presented, and the judgment is therefore affirmed.

DUNBAR, HADLEY, FULLERTON, ROOT, and CROW, JJ., concur.