[No. 6892.  Decided March 9, 1908.]

EDITH J. BUDLONG, *Respondent*, v. MELISSA C. BUDLONG, *Appellant*.[1]

PLEADING—DEMURRER—EVIDENCE.  A demurrer to a complaint is waived by answering to the merits.

APPEAL—REVIEW—PRESENTATION OF QUESTIONS.  The sufficiency of the complaint cannot be first raised on appeal where, supplemented by evidence admitted, a cause of action is disclosed.

JUDGMENT—RES JUDICATA—DISMISSAL OF ACTION.  The dismissal of an action "without prejudice" is not *res judicata* in a subsequent suit between the same parties for the same cause.

PARTIES—DEFECTS—WAIVER.  A defect of parties is waived where the same is not raised by demurrer, answer, or otherwise in the court below.

TRIAL—ISSUES AND PROOF.  One who waives a defense set out in her answer, and is permitted to offer proof of another defense which she fails to establish, and thereupon seeks relief under the defense that had been waived, cannot object that the court went out of the issues in the cause in deciding equities to which the parties appeared to be entitled under the evidence.

Appeal from a judgment of the superior court for King county, Albertson, J., entered May 6, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to recover possession of real property.  Affirmed.

*P. P. Carroll, Walter B. Beals,* and *John E. Carroll,* for appellant.

*Robert A. Devers,* for respondent.

CROW, J.—This action was commenced by Edith J. Budlong against Melissa C. Budlong, to require the defendant to

[1]Reported in 94 Pac. 478.

comply with the terms of a certain contract or lease, and recover possession of real estate. The plaintiff alleged that, on November 10, 1893, one George E. Budlong and Melissa C. Budlong executed a written lease, the material parts of which read as follows:

"This Indenture Witnesseth that George E. Budlong, party of the first part, and Melissa Caroline Budlong, the party of the second part have agreed and hereby stipulate and agree as follows, to wit: That for the sum of one dollar (and other good and sufficient consideration, the receipt of which is hereby acknowledged) paid and delivered by said party of the second part to the said party of the first part, the said party of the first part does hereby grant, lease and demise unto the said party of the second part, the following described property in the city of Seattle, county of King and state of Washington: the west forty-two feet of lot eight (8) in block seventy-one (71) of Terry's Second Addition to the said city of Seattle, . . . That the said use and lease is hereby granted for and during the lifetime of the said party of the second part, provided that this lease shall cease and determine from and after the marriage of the said party of the second part, it being understood that this lease is made for the use and benefit of the said party of the second part during her lifetime or as long as she remains a single woman; provided further that the said party of the first part shall have the right at any time to sell the said property; provided further that when said sale is made, said party of the second part shall surrender to the purchaser thereof the possession of the premises on the securing to her by the said party of the first part the monthly payment of the monthly rental value of the said premises; provided further that such payment shall cease and determine on the death or marriage of said party of the second part; . . . that when the said property is sold, should the said second party be entitled to the monthly rental value thereof and the means of securing it as hereinbefore provided, such value, should the parties not be able to agree thereon, shall be ascertained and determined by arbitrators appointed as follows: said first and second party shall appoint one person each and the said two persons so appointed shall select a third person, and the said three persons shall fix the rent to be paid monthly to the said party of

the second part, and shall determine upon the means of securing the same.   .   .   .

"In Witness Whereof, we have hereunto set our hands and seals this 10th day of November, 1893.

"George E. Budlong.          (Seal)

"Melissa Caroline Budlong.   (Seal)

"Witnesses:   Pleasane Cozine, P. P. Carroll."

that George E. Budlong was then the owner of all of lot 8, which he, on December 5, 1904, sold and conveyed to the plaintiff; that thereafter in an action for divorce in which Edith J. Budlong was plaintiff and George E. Budlong was defendant, all of lot 8 was decreed to the plaintiff as her separate property; that about the time of its sale to the plaintiff by George E. Budlong, he and Melissa C. Budlong determined that $18.50 was a reasonable monthly rental for the portion thereof covered by the lease, but that they failed to agree upon terms for securing the payment of such monthly rental; that on November 30, 1905, plaintiff and George E. Budlong notified the defendant, Melissa C. Budlong, in writing, of their appointment of a suitable person to act as arbitrator, and requested her to appoint an arbitrator, which she neglected and refused to do, and that on April 6, 1906, plaintiff served another and like notice on the defendant who, being in possession of that portion of lot 8 covered by the lease, again refused to appoint any arbitrator or surrender possession.   Plaintiff prayed that Melissa C. Budlong be compelled to perform the contract on her part; that she be required to appoint an arbitrator, or that such appointment be made by the court, and that upon the plaintiffs furnishing security for the monthly rental, the defendant be required to surrender to plaintiff possession of the property.

The defendant admitted the execution of the lease, and affirmatively pleaded estoppel, former adjudication, and the statute of limitations.   The evidence shows that George E. Budlong and the defendant, Melissa C. Budlong, were formerly husband and wife; that they were divorced about the year 1893; that George E. Budlong, being then the owner

of lot 8 as his separate property, the lease above set forth was executed in settlement of property rights; that George E. Budlong afterwards married Edith J. Budlong, to whom he sold and conveyed all of lot 8; that there have been frequent disputes and some litigation between the parties concerning the property and its possession; that Edith J. Budlong has been divorced from George E. Budlong; that in her action for divorce all of lot 8 was decreed to her as her separate property, and that George E. Budlong had died after the commencement, but before the trial, of this action. When this cause was called for trial the defendant, by her counsel, orally disclaimed and waived any defense under the lease or the affirmative allegations of her answer theretofore pleaded, but asked permission to amend her answer by pleading title in herself by adverse possession. The amendment being allowed, she offered evidence which failed to show any adverse possession, but did show that she was only in possession under the lease. The trial judge having announced that he would so find, the defendant offered to withdraw her defense of title by adverse possession, and demanded that she be permitted to defend her rights under the lease. After strenuous objections and exceptions by the plaintiff, the trial judge granted defendant's request, stating, however, that, as he doubted the authority of a court of equity to compel the appointment of an arbitrator by a decree for specific performance, he would admit evidence of the rental value and determine the same himself. Although some objection was at first made to this procedure by the defendant, the record shows that she assented thereto.

The trial court thereafter found the execution of the lease; that George E. Budlong conveyed to Edith J. Budlong the entire lot which was afterwards awarded to her in the divorce proceeding; that after the sale to the plaintiff, George E. Budlong and Melissa C. Budlong agreed upon $18.50 as a reasonable monthly rental, but that he failed to tender any security for its payment; that prior to the commencement of this action plaintiff offered to comply with all the terms of the

lease; that the defendant refused to comply therewith or surrender the premises; that the rental value of the leased property was at the date of sale to plaintiff, and is now, $18.50 per month, and that no issues raised in this action have heretofore been determined by any decree of court. Upon these findings of fact a decree was entered which, in substance, provided that, upon the execution and delivery of a bond to the defendant in the sum of $5,600 to secure the payment of $18.50 monthly rental, the plaintiff, as vendee of George E. Budlong, should be awarded possession of the premises. From this judgment the defendant has appealed.

Appellant's first contention is that the trial court erred in overruling her demurrer to the complaint. There is no order in the record passing upon the demurrer, which was served on September 10, 1906, but not filed until September 22, 1906, when the answer was also filed. This condition of the record suggests that the demurrer was not insisted upon or presented to the trial court, but it was, in effect, waived by answering. Appellant cannot predicate error on an order not shown by the record and probably never made. Nor can she now successfully attack the sufficiency of the complaint for the first time in this court, as its allegations, supplemented by the evidence admitted, disclose a cause of action in favor of the respondent.

Appellant further contends that the trial court erred in refusing to uphold her plea of *res adjudicata*. She introduced the pleadings in cause No. 41404 in the superior court of King county, showing that the parties, issues, and subject-matter were substantially identical with those of this action. The final order, however, which she also offered, expressly recited that the action was dismissed *without prejudice.* Such order was not a final adjudication between the parties on the issues joined.

Appellant insists there is a defect of parties, George E. Budlong not being made a party plaintiff or defendant. This question was not raised in the lower court by special demurrer or answer or otherwise, and was therefore waived. The con-

tention is also made that the findings are not sustained by the evidence. Without discussing the evidence in detail, we hold that the findings are supported by its clear preponderance, and that they warrant the final decree entered.

Appellant insists that respondent's cause of action is barred by the statute of limitations, and indulges in much discussion of this and the further proposition that the respondent is entitled to no remedy whatever in this equitable action, which appellant contends is one for specific performance. It is not necessary to enter upon a critical examination of these questions, or the pleadings. The appellant at the trial first predicated her defense on her affirmative allegation of title by adverse possession, and expressly waived any claim under her former defenses or her lease. After her failure to show title by adverse possession, she insisted that the trial court protect her rights under the lease and permit her to enforce the same. For that purpose she offered to withdraw her claim to title by adverse possession and, over respondents objection, was allowed to do so, it being apparent to the trial judge that she was entitled to a monthly rental of which she should not be deprived on account of her mistake in waiving her claims under the lease when alleging title by adverse possession. Appellant had, in fact, failed upon the affirmative defense which she first attempted to prove and on which she had elected to stand, but in the interests of justice and equity the trial judge permitted her to withdraw that defense, to rely upon her claim to a rental under the lease, and to show the value of such rental. Considering the allegations of all the pleadings, the issues they present, and the history of the trial, we are convinced that the learned trial judge properly exercised his discretion and evinced excellent judgment in passing upon the issues, in arriving at an equitable conclusion, and in protecting the rights of both parties. The appellant is in no position to complain of the procedure adopted.

The judgment is affirmed.

HADLEY, C. J., MOUNT, and RUDKIN, JJ., concur.

DUNBAR, FULLERTON, and ROOT, JJ., took no part.