[No. 11145.  Department One.  September 8, 1913.]

J. M. HARRIS, *Appellant*, v. ERICK OTTO JOHNSON *et al.*, *Respondents.*[1]

BILLS AND NOTES — CONSIDERATION — SUFFICIENCY — WAIVER OF RIGHTS.  There is a sufficient consideration for a promissory note, made by a homestead entryman in return for possessory rights, to an agent in possession for heirs of a deceased preemptor, although the entry of the deceased had expired by limitation, where such entry had not been cancelled, and the agent had maintained possession and made improvements and had also tendered an entry in his own behalf which was then pending, and had advised the maker of the note of the opportunity to file, and withdrew his own entry and surrendered possession, and had, so far as he could, given the maker of the note the preference right to file, which he did after cancellation of the entry of the deceased.

BILLS AND NOTES—ACTIONS—PARTIES PLAINTIFF—REAL PARTY IN INTEREST.  The payee of a promissory note for a sum to be divided between herself and another is the real party in interest entitled to sue thereon, within the meaning of Rem. & Bal. Code, § 179.

PARTIES—DEFECTS AND OBJECTIONS—WAIVER.  Objection that the plaintiff is not the real party in interest is waived by failing to raise it at the trial by demurrer or otherwise.

Appeal from a judgment of the superior court for Lincoln county, Baske, J., entered January 11, 1913, upon findings in favor of the defendants, in an action on contract.  Reversed.

[1]Reported in 134 Pac. 1048.

*Freece & Pettijohn,* for appellant.

*N. D. Walling (John L. Wiley.* of counsel), for respondents.

GOSE, J.—This is a suit upon a promissory note. A judgment was entered dismissing the action. Plaintiff has appealed. The facts are these:

On the 29th day of December, 1900, one Joseph W. Blacker filed a homestead entry upon certain land in Lincoln county. Mr. Blacker died in 1902 while his entry was in full force. In obedience to a request, made by the deceased during his last illness to the appellant, the appellant advised the daughter and only heir of the deceased of his death and of his homestead right. She then and thereafter resided in the state of Indiana. Subsequent to her father's death, she appointed the appellant her agent with authority to attend to her property rights in Lincoln county. The appellant thereafter took charge of the homestead, did some plowing and clearing, maintained the fencing, cropped the land in cultivation and expended money in successfully defending a contest against the Blacker entry. On the 30th day of December, 1907, the appellant having a homestead right, tendered a homestead filing on the land to the United States Commissioner. The application was rejected, and was thereafter held by the commissioner to be tendered at a later date. On October 28th, 1908, the Blacker entry not having then been cancelled, and the appellant being in possession of the homestead, he sold the right of the daughter together with his own rights in the homestead, and the improvements thereon, of the value of about $200, to the respondent Erick Otto Johnson, hereafter called the respondent, for a consideration of $900, evidenced by the note in controversy, signed by the respondent and his co-respondents, his father and mother respectively, as sureties. It was agreed that $500 of this sum should go to the daughter and the remainder should belong to the appellant. The appellant, upon that day, withdrew his applica-

tion to file and the filing fee, and the respondent tendered a homestead filing and took, and has since retained, possession of the land. His application was rejected on account of the Blacker entry. Later he tendered a second filing, which being rejected, he appealed to the commissioner of the general land office, who allowed his entry and directed a cancellation of the Blacker entry. The Blacker entry was cancelled on the 26th day of October, 1911, and the respondent's filing was accepted on the 4th day of November next ensuing. The respondent had lived a short distance from the land for about four years before he made the bargain, and testified that, when approached by the appellant, he said to appellant that he did not know that there were any homesteads in the country. He also testified that the appellant told him that he himself could file a homestead on the land. The respondent, at the time he tendered his first filing and before he made the note, knew that his application would not be accepted until the Blacker entry had been cancelled. The evidence upon this question is as follows:

Mr. Fraser, the United States land commissioner, testified in substance, that he, the respondent, and the appellant discussed the Blacker entry at the time the respondent tendered his filing; that the question of whether a contest would stand against the land was discussed and that the witness advised them that in his opinion it would not; that there was nothing said as to when the Blacker entry would be cancelled; that "there was no time stated as to when Mr. Johnson would obtain his filing; he was to wait until the cancellation of the Blacker entry;" that he advised the respondent "not to put expensive improvements on the place until his filing was accepted," and that it was understood "that he was to hold the papers [meaning the filing tendered by the respondent] until the Blacker entry was cancelled." The appellant testified that, when he approached the respondent in reference to the transaction, he told him that the land was in his care; "that I did not feel disposed to use my own homestead right

on it and I would locate him on it and turn over the improvements;" that he told him that he had tendered a filing; that "I would withdraw my filing and he would have to wait until the cancellation of the Blacker entry to get his filing papers." Touching this question, the respondent was asked: "Q. Was that all that took place in Mr. Fraser's office?" and answered, "Well, Mr. Fraser was going to send those papers, filing papers into the land office at Spokane when the Blacker papers would be cancelled, or when the papers would be waived, I don't know."

The appellant testified further that he paid $36 in defending a contest instituted against the Blacker entry which was later decided in favor of the Blacker heir. He further testified that "before I let the land go back to the government, I was going to take it myself, and that was my intention when I filed with Fraser."

The court, after finding the facts substantially as stated, concluded, as a matter of law, that the Blacker entry had expired by limitation when the note was made, and although not then cancelled, that his heirs had no rights thereunder; and hence, that the note was made without any sufficient consideration. In this we think he was in error. The Blacker entry was still in force. The appellant was in the peaceable possession of the homestead. He had maintained the fences and had added to the improvements. Moreover, he was a qualified entryman and had tendered a homestead filing. The respondent was not aware that a filing could be made upon the land until he was so advised by the appellant. In order to permit the filing, the appellant surrendered the possession of the homestead, withdrew his application to file and his filing fee, and, in so far as he could, gave the respondent a preference right to file. There was no fraud, either actual or constructive, nor was the respondent misled. He knew precisely what he was buying. These facts, taken together, show a sufficient consideration for the note. It is fundamental that any act which benefits the promisor, or results to the loss or

prejudice of the promisee, is a sufficient consideration to support a promise to pay money.

"It may be laid down as a general rule, in accordance with the definition given above, that there is a sufficient consideration for a promise if there is any benefit to the promisor or any loss or detriment to the promisee. It is not necessary that a benefit should accrue to the person making the promise; it is sufficient that something valuable flows from the person to whom it is made, or that he suffers some prejudice or inconvenience, and that the promise is the inducement to the transaction. And in the matter of a benefit, a mere expectation or hope, or a contingent benefit is sufficient; as for example the expectation of advantage or profit from the thing promised. Indeed there is a consideration if the promisee, in return for the promise does anything legal which he is not bound to do, or refrains from doing anything which he has a right to do, whether there is any actual loss or detriment to him or actual benefit to the promisor or not." 9 Cyc. 311 *et seq.*

The bare possession, with color of right, of anything of value, is property and may lawfully be bought and sold. *Burch v. McDaniel,* 2 Wash. Ter. 58, 3 Pac. 586. In that case it was held that the possessory right of a preemptor who died intestate passed to the administrator of his estate, and that a promissory note executed by the purchaser of such right was founded upon a valuable consideration.

In *Staver & Walker v. Missimer,* 6 Wash. 173, 32 Pac. 995, 36 Am. St. 142, it was held that an order given to a creditor by a debtor upon a third party and accepted by him was a sufficient consideration for the creditor's agreement to forbear to sue upon a past due note.

In *Hamer v. Sidway,* 124 N. Y. 538, 27 N. E. 256, 21 Am. St. 693, 12 L. R. A. 463, it was held that in general a waiver of any legal right at the solicitation of another is a sufficient consideration for a promise. In that case an uncle agreed with his nephew that, if the nephew would refrain from drinking liquor, using tobacco, swearing, playing cards or billiards for money, until he should become twenty-one years of age,

he, the uncle, would at that time pay him the sum of $5,000. The nephew performed the agreement and it was held a sufficient consideration for the promise.

In *Doyle v. Dixon*, 97 Mass. 208, 93 Am. Dec. 80, it was held that the agreement of A to settle and adjust all matters between himself and B and to sign a lease ten days before the time he had theretofore agreed to sign it, was a legal consideration for the promise of B not to enter into the grocery business at a place named for five years. In considering the question of the sufficiency of the consideration, the court said:

"Any act done by the promisee at the request of the promisor however trifling the loss to himself or the benefit to the promisor, is a sufficient consideration for a promise made without fraud, and with full knowledge of all the circumstances."

It is suggested that the appellant is not the real party in interest, within the meaning of Rem. & Bal. Code, § 179 (P. C. 81 § 7). This point is without merit. He is the payee named in the note and the note was made to him with full knowledge of his relation to the transaction. *Littell v. Saulsberry*, 40 Wash. 550, 82 Pac. 909. He is, at least, one of the parties in interest. This question was not raised in the trial court by demurrer or otherwise, and was therefore waived. Rem. & Bal. Code, §§ 259-263 (P. C. 81 §§ 225, 227, 229, 231, 233). *Budlong v. Budlong*, 48 Wash. 645, 94 Pac. 478.

The note provides that, in case suit or action is commenced to enforce its payment, the maker will pay as attorney's fees such sum as the court shall adjudge reasonable.

The judgment is reversed, with directions to fix a reasonable attorney's fee and enter judgment in favor of appellant against the respondents for the principal and interest of the note, together with a reasonable attorney's fee and costs. The appellant will recover costs in this court.

Crow, C. J., Mount, Parker, and Chadwick, JJ., concur.