[No. 12346.  Department One.  February 11, 1915.]

W. M. LAMB *et al.*, *Respondents*, v. J. F. CONNOR, *Appellant*.[1]

PARTIES—DEFECT OF PARTIES PLAINTIFF—OBJECTION—WAIVER.  An objection to defect of parties plaintiff and that plaintiff is not the real party in interest must be taken by demurrer or answer, and is too late when raised for the first time on appeal.

INSURANCE—ACTIONS FOR PREMIUMS — PARTIES — AGENTS — REAL PARTY IN INTEREST.  An insurance agent who extends credit for insurance written by him, and is held responsible therefor by the company, is subrogated to all the rights of the company in the premiums, and may sue therefor without assignments thereof.

INSURANCE—ACTIONS FOR PREMIUMS—EVIDENCE — ADMISSIBILITY. In an action to recover insurance premiums, written to secure a contractor engaged in repairing the building, evidence that the contractor had filed a lien on the building and foreclosed it, is competent to show his contractual relations and mutual interests in the property insured.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered March 5, 1914, upon the verdict of a jury rendered in favor of the plaintiffs, in an action to recover premiums due on insurance policies.  Affirmed.

*C. W. Hodgdon*, for appellant.
*William E. Campbell*, for respondents.

CHADWICK, J.—In the spring of 1911, one Knack was engaged in repairing and remodeling a building belonging to the appellant.  To secure him as the work progressed, appellant requested the respondents to insure the building.  At

[1]Reported in 146 Pac. 174.

the end of the year, respondents testified, and the jury found, although it is denied, that appellant went to the office of the respondents and directed a renewal of the policies. No part of the premiums were paid by the appellant. Suit was brought in the superior court, and a judgment rendered in favor of respondents for the full amount due.

It is first contended that the respondents, who were the agents of the insurance companies issuing the policies, are not proper parties plaintiff. This objection is not well founded, for two reasons: An objection that the plaintiff is not a proper party plaintiff and is not the real party in interest cannot be raised for the first time in this court. The objection must be taken by way of demurrer or answer. Rem. & Bal. Code, par. 4, § 259 (P. C. 81 § 225); *Budlong v. Budlong*, 48 Wash. 645, 94 Pac. 478; *Harris v. Johnson*, 75 Wash. 291, 134 Pac. 1048.

It is quite generally held, in fact it seems to be held in all late cases, that an agent who, in discharge of his obligations to his principal, pays the debt of the other contracting party to his principal may be subrogated to the right of the principal to maintain an action.

"When an insurance company looks to its general agent for the premiums on insurance written by him, the agent is the owner of the debt, arising by his extending credit for the premiums, so that on payment thereof he is subrogated to all the rights of his principal in the premiums, entitling him to sue therefor. *Waters v. Wandless* (Tex. Civ. App.), 35 S. W. 184; *Bang v. Farmville I. & B. Co.*, 2 Fed. Cas. 585; *Willey v. Fidelity & Cas. Co.*, 77 Fed. 961; *Gaysville Mfg. Co. v. Phoenix Mut. Fire Ins. Co.*, 67 N. H. 457, 36 Atl. 367. See, also, *Overholt v. Dietz*, 43 Or. 194, 199, 72 Pac. 695. No assignment of the premiums is necessary to enable the agent to recover. *Gillett v. Insurance Co. of North America*, 39 Ill. App. 284." *Harrison v. Birrell*, 58 Ore. 410, 115 Pac. 141.

The testimony shows that the insurance companies held respondents responsible for their payment of the premiums on all policies written by them.

It is next contended that the court erred in permitting the witness Knack to testify that he had filed a lien upon the property of the appellant and had foreclosed it. It is insisted that this was error and tended to prejudice the jury against the appellant.

The testimony may have had a tendency to discredit, but the test remains, whether it is material upon any phase of the case. The inquiry whether Knack was acting as the agent of the appellant became material upon appellant's own theory of the case. The testimony was competent to show their contractual relations and mutual interest in the property covered by the policies.

The third assignment is that the testimony does not sustain the verdict. There is a sharp conflict. Respondents testified that the contract for the insurance and for the renewal was made by appellant. Appellant denies absolutely that he had any conversation with respondents or made any contract with reference to a renewal of the insurance. The jury believed the respondents and disbelieved the appellant. There is no merit in the last assignment.

The judgment is affirmed.

MORRIS, C. J., MOUNT, PARKER, and HOLCOMB, JJ., concur.