[No. 17720. Department Two. March 22, 1923.]

J. M. VETTER et al., Respondents, v. K. & K. TIMBER COMPANY, Defendant, W. T. KNOWLES, Appellant.[1]

MUNICIPAL CORPORATIONS (358)—NUISANCE (15)—STREETS—OB-STRUCTION—RIGHTS OF ABUTTERS—PERSONS ENTITLED TO REMEDIES. An owner of property whose most convenient egress and ingress is obstructed by a building occupying half of the street at his entrance, may maintain an action to enjoin the nuisance, under Rem. Comp. Stat., § 943, defining as a nuisance the obstruction of a street, and § 944, providing that an action for damages therefor may be brought by any person injuriously affected, and that if such remedy is inadequate to abate or prevent its continuance, the defendant may be enjoined.

HIGHWAYS (28)—VACATION—ABANDONMENT—OPENING FOR PUBLIC USE—EVIDENCE—SUFFICIENCY. Where a platted street has been continuously used as a means of egress and ingress to plaintiff's home, it is not vacated by the fact that no public money was expended on its improvement; and limitations do not run against the

[1] Reported in 213 Pac. 927.

removal of a building thereon, where there was no claim of right to maintain it in the street.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered June 24, 1922, upon findings in favor of the plaintiffs, in an action to abate a nuisance, tried to the court. Affirmed.

*Black & Black*, for appellant.

*George W. Louttit*, for respondents.

Tolman, J.—Respondents brought this action to abate as a nuisance the obstruction of a public street or road, which obstruction is alleged to injuriously affect their property and lessen their enjoyment thereof. From a judgment granting the relief sought, except as to damages, the defendant W. T. Knowles has appealed.

It appears that respondents are the owners of a fourteen-acre tract abutting upon the site of the town of Machias, in Snohomish county, Washington, upon which they reside, and by the cultivation of which they gain their livelihood. The townsite of Machias was platted and the plat duly filed for record in 1890. This plat shows a street named Austin avenue, sixty feet wide, running northeasterly and southwesterly through the townsite, the northerly end of which reaches to the line of respondents' property and makes an outlet therefrom by which they can reach the business section of the town and connecting public highways. There is evidence of other outlets to their property, one at least of which has been used more or less, but we think the evidence convincing that none afford as convenient ingress and egress as does Austin avenue.

The evidence is conclusive to the effect that no public money has ever been expended on the opening or improvement of Austin avenue, but that it has been used

continuously since the plat was filed, at first the road-way consisting of a mere wagon track winding between stumps and through obstructing brush, but by the lapse of time and private effort, stumps and other obstacles have decayed or been removed and a well traveled though ungraded roadway has existed for a considerable time.

Appellant Knowles is the owner of lot 1, block 6, town of Machias, which is 40 x 119 feet. This lot fronts forty feet on Davison street, which runs easterly and westerly, abuts forty feet on respondents' property, and its easterly line forms the westerly boundary of Austin avenue from respondents' line to Davison street. The barn on Knowles' lot, which has stood in its present location for more than twenty-five years, is on the northerly end of the lot abutting on respondents' property line, and extending into and occupying the westerly half of Austin avenue, thus reducing respondents' use of that street at the point where they must enter it to the easterly thirty feet, and denying them the use of the full sixty feet as dedicated and platted.

We agree with the trial court that, under the evidence submitted, there are but two questions in this case: (a) can a private person maintain this action; and (b) has the street been vacated, or the statute of limitations run, so that appellant's barn may not now be removed from the platted street?

On the first point, we think our statute controls. Section 943, Rem. Comp. Stat., clearly defines what is here complained of as a nuisance subject to an action for damages and abatement.

Section 944 provides:

"Such action may be brought by any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance. If judgment

be given for the plaintiff in such action, he may, in addition to the execution to enforce the same, on motion, have an order allowing a warrant to issue to the sheriff to abate such nuisance. Such motion shall be allowed, of course, unless it appear on the hearing that the nuisance has ceased, or that such remedy is inadequate to abate or prevent the continuance of the nuisance, in which latter case the plaintiff may have the defendant enjoined.''

In *Smith v. Mitchell,* 21 Wash. 536, 58 Pac. 667, 75 Am. St. 858, under somewhat similar conditions, it was held that a private person might maintain such action. True, in the *Smith* case it appears that the highway in question was the only outlet, while here respondents' property abuts upon other highways, but we find from the evidence that such other highways are not available without a considerable expense in road and bridge building, and as respondents' buildings are now located and their property now used, could not, even with such expense, be made as convenient and accessible as is Austin avenue. This, we think, is sufficient under the statute.

Upon the second point, appellant contends that the case of *Cheney v. King County,* 72 Wash. 490, 130 Pac. 893, is conclusive, but as we find the facts to be, it is clearly not in point. In that case the platted road remained unopened for public use for a period of more than five years, hence it was held to be vacated by the statute there cited. Here, as we have already seen, Austin avenue, while not free from obstructions, was yet opened for use and used in fact continuously from the time of the platting. No different rule is announced in *Tamblin v. Crowley,* 99 Wash. 133, 168 Pac. 982, or in any other case brought to our attention. As we view the facts in this case, it comes well within the rule as laid down in *Brokaw v. Stanwood,* 79 Wash.

322, 140 Pac. 358, and we therefore hold that there was no vacation of Austin avenue.

The evidence fails to show any such claim of right as would make the general statute of limitations available.

Other points are raised and discussed, but, as we find the facts, they are not well taken, and no good purpose would be served by a further discussion.

The judgment appealed from is affirmed.

MAIN, C. J., FULLERTON, PARKER, and PEMBERTON, JJ., concur.