[No. 21540. Department Two. December 17, 1929.]

ROY F. WEST *et al., Respondents,* v. MINNIE KEITH *et al., Appellants.*[1]

[1]Reported in 283 Pac. 198.

*Rummens & Griffin, Joseph C. Cheney,* and *Elwood Hutcheson,* for appellant.

*Charles E. Congleton* and *Clark R. Belknap,* for respondents.

HOLCOMB, J.—This is an action brought for the purpose of having certain structures, erected upon the right of way of a county road in King county by appellants, adjudged to be public nuisances, abated, and removed from the right of way and their maintenance enjoined. The action was brought by private parties, neither King county, its board of county commissioners, nor any other public agency having the supervision of highways being sued or joined.

The trial court, although stating in his opinion that it seemed to him that all the equities were in favor of appellants, felt bound by the facts disclosed to render a decree requiring a bulkhead and one of the buildings complained of to be removed. The other building was in process of demolition within a day or so after the commencement of the action and had been completely removed at the time of the trial.

This appeal is from the entire decree.

Sylvester road is a dedicated public highway in King county, sixty feet wide. At the place in question, it runs approximately east and west following along between the foot of a steep bluff and the shores of Puget sound. It is in the Three Tree Point district, a short distance from Seattle. The road is improved with a concrete pavement sixteen feet wide, the center line of which is approximately the center line of the dedicated

highway. Thus there is a strip of dedicated highway approximately 22 feet wide lying north of the pavement and a strip of like width lying south of the pavement. The land of the dedicated highway lying north of the pavement is so steep that it never has been used for a public highway. Appellants are the owners of lots 1, 2 and 3 of block 3 situated on the south, or shore, side of the highway and lots 27, 28 and 29 of block 2, lying directly across the road on the north side of the highway, all in Sunkist Beach, a dedicated plat of land in King county. The lots on the north side of the highway are on a steep hillside or bluff. For a long distance, the bluff to the north of the highway comes down almost to the pavement. A short distance east from the land of appellants, the county commissioners built a concrete bulkhead at the north edge of the pavement to prevent the hillside from sliding down upon the pavement.

Several years ago, before the pavement was laid, appellants built their dwelling on the north side of the road. In order to hold the hill back and prevent it from sliding, they built a log bulkhead in front of the dwelling. Lot 27 is approximately 49 feet wide and lies directly across the road from appellants' lot 3, block 3. The log bulkhead constructed by appellants in front of lot 27 is all within the highway and extends the whole width of that lot. It projects to within four feet of the northern margin of the pavement. Lot 29 in block 2, abutting on Sylvester road on the north side, is across that road from respondents' lots in block 3. The northerly portion of lot 29 is a steep hill, but just north of the paved portion of the road there has been leveled off a space from fifteen to twenty feet in width extending along the westerly half of that lot. There had been excavation made in

the hill before the pavement was laid by a sand and gravel company.

Prior to the institution of the present suit, appellants applied to the county commissioners of King county for permission to excavate that part of the bluff which lies in the county road immediately east of their residence and erect a garage. After a hearing, the county commissioners entered an order granting them what is termed a franchise, or permit, to excavate the hill and build a concrete garage thereon. The walls of this concrete garage are so constructed that they prevent the hill from sliding into the road. In accordance with the terms of the franchise, the hill was excavated and the garage so built that it sits back ten feet from the north edge of the concrete pavement. It will thus be seen that it occupies a depth of twelve feet within the dedicated highway. This garage is wide enough for three automobiles with residences above to be, and which are, rented out, the rental value being about $600 a year. The garage faces the pavement, and when the doors are opened, they further obstruct the highway. Since this suit was started, appellants have constructed an additional garage adjoining, but built it all on their own property.

At the place where the pavement passes lot 29 at the easterly end thereof, is the lower end of a reverse curve in the pavement and a sudden dip therein. The change of grade is from approximately a two per cent grade to an eight per cent grade in about fifty feet, and continuing at a decline of eight per cent for a distance of about three hundred feet along the whole distance of the lots in blocks 2 and 3 until past the westerly margin of block 3.

Sylvester road is an important county road, much used by automobiles and pedestrians, and is the only means of ingress and egress to and from their lots,

abutting the highway, by respondents. Respondents West own lot 8; respondents Foot, lot 5; respondents Finch are buying, on contract, lot 7; all in block 3, Sunkist Beach, all abutting Sylvester road. The lots of respondents are on a lower level than the paved portion of Sylvester road, there being two levels to that road in that particular place; a separate roadway, beginning at a point on the highway directly in front of lot 3 of appellants, extending on a downward slope easterly, somewhat parallel to and forming a Y with the pavement, and along the north side of the lots of respondents in that block, having been constructed. The road called the "lower road" affords the only means of driving from respondents' premises to the pavement on Sylvester road. Owing to the encroachments and obstructions upon the highway, both by the maintenance of the garage on the south side and the log bulkhead on the north side of the pavement at the place where it is necessary for respondents to turn into and from the lower road, the usefulness of the highway to respondents was impaired and their access to their premises made much more difficult. The presence of the log bulkhead which remains, makes it necessary for respondents, in driving their automobiles from their respective residences up the lower road and on to the pavement on the upper road and turning thence easterly thereon, to cramp and back their cars directly across the pavement which is considered dangerous at that point and especially during heavy traffic. All respondents reside in homes situated upon their respective lots and use automobiles for pleasure and for business. There is no sidewalk along Sylvester road and the pavement is constantly used by pedestrians, bull rails having been constructed by the county along the beach side of the pavement.

The theory upon which respondents brought their action and supported it with proof is that the construction of either the garage on the south side of the highway or the bulkhead on the north side is an obstruction to the free use of the highway; constitutes a public nuisance in preventing a free use of the highway to the public; and is specially injurious to respondents whose properties abut the highway at this place; and that the bulkhead on the north of the highway maintained by appellants increases the danger and nuisance to the public, and renders both obstructions peculiarly damaging to respondents, who are thereby especially injured in a way different from the general public.

Appellants also introduced evidence to show that, prior to the time the excavation was made and the concrete garage built, the ground now used as a site for the garage was not used as a highway because, to disturb any part of the lateral support of the hill, would probably have caused the whole hill to slide down into the road, unless a heavy structure was built, just as their concrete garage is built, to hold it back. Prior to the time this garage was built, there was a pathway between the north side of the concrete pavement and the foot of the bluff two or three feet in width. Now, by the erection of this garage which holds the hill back, there is a level pathway ten feet wide to the north of the pavement. The court also found in its opinion that, in excavating the hill and building the concrete garage to hold the hill back, appellants took the dirt from the excavation across to the south side of the road and leveled up a very considerable strip which was of advantage to respondents and all persons using the road. Also, that appellants had created a level strip ten feet wide north of the

pavement which theretofore had not been in a condition so that it could be traveled.

■■ Appellants also attempted to make an extra-judicial showing here that, after the case was tried and judgment entered, the county commissioners granted to them the right to maintain the log bulkhead in question for the purpose of preventing the hill from sliding into the road. It is admitted that, because the franchise had not been granted at the time of trial, it is not in the record of the trial. It is alleged, however, that the franchise being a matter of public record, an enactment of the county commissioners of the county, it should be considered here.

As to the last, we cannot consider matters *de hors* the record below; nor is it a thing of which we can take judicial notice any more than we could the records of deeds.

■ A contention of appellants is that, since neither King county, its board of commissioners, county engineer, or county road supervisor, or any other public agency having charge and control of the public highways, has been made a party to this action, the court acquired no jurisdiction of the parties and of the subject-matter necessary for a full determination of the controversies, and that, by reason of such non-joinder, respondents failed to allege a cause of action.

It is argued that respondents are asking the court to require the removal of certain structures which have been placed, not with the "connivance," but with the permission and approval, of the county commissioners, upon the highway in order to render it safe and prevent slides. It is also argued that a private citizen could not require the county commissioners to remove these structures; and that, in any event, that could not be done without a day in court for them.

Respondents reply to the argument of appellants by showing that there was no question of defect of parties presented in the lower court by special demurrer, answer, or otherwise, and it was therefore waived, citing: *Budlong v. Budlong,* 48 Wash. 645, 94 Pac. 478; *Lamb v. Connor,* 84 Wash. 121, 146 Pac. 174; *Hansen v. Hansen,* 110 Wash. 276, 188 Pac. 460; *Chung v. Fong Co.,* 130 Wash. 154, 226 Pac. 726.

Appellants, in their reply brief, argue that the question of defect of parties was not raised by special demurrer or answer, because they contend that the nonjoinder of the county or public authorities as plaintiffs or defendants for a full determination of the controversy constituted a failure to allege a cause of action.

We confess we are unable to see the distinction. In the *Budlong* case, *supra,* it was held that a demurrer to a complaint was waived by answering to the merits; that the sufficiency of the complaint cannot be first raised on appeal where, supplemented by evidence admitted, a cause of action is disclosed; and that a defect of parties plaintiff or defendant, where not raised by demurrer, answer or otherwise in the court below, is waived.

 However that may be, Rem. Comp. Stat., § 9921, reads:

"A private person may maintain a civil action for a public nuisance, if it is specially injurious to himself, but not otherwise."

Sections 943, 944, 945 and 946, *Ibid.,* also provide for such private actions and prescribe the method of abatement.

If the structures complained of in the complaint of respondents constitute public nuisances as defined in Rem. Comp. Stat., §§ 9912 and 9913, subd. 4, which are

specially injurious to respondents, they have a right of private action in their own name against those maintaining the nuisances. *Sholin v. Skamania Boom Co.,* 56 Wash. 303, 105 Pac. 632, 28 L. R. A. (N. S.) 1053.

It is not material to the rights of respondents that the board of county commissioners had given some sort of permit to erect the structures complained of. Nor is it correct that respondents have no right to complain of same since the authority was obtained from the county, for that very thing has been done in municipal cases where the owners of lots abutting on a street have a special interest in the use of the street, which is distinct from that of the public generally, which constitutes property which they have the right to protect by proper action. *State v. Seattle,* 57 Wash. 602, 107 Pac. 827, 27 L. R. A. (N. S.) 1188.

A quotation from Elliott on Roads and Streets (2d ed.) 961, was there approved as follows:

"It is substantially agreed by the courts that the abutter has a private interest in the road or street as such, and if he has this right it is property which cannot be taken from him without compensation. The right to a road or street which the landowner possesses as one of the public is different from that which vests in him as an adjoining proprietor, and it is also distinct and different from his rights as owner of the servient estate. The right which an abutter enjoys as one of the public and in common with other citizens is not property in such a sense as to entitle him to compensation on the discontinuance of the road or street; but with respect to the right which he has in the highway as a means of enjoying the free and convenient use of his abutting property it is radically different, for this right is a special one. If this special right is of value—and it is of value if it increases the worth of his abutting premises—then it is property, no matter whether it be of a great or small value."

We have also held that it was not necessary that

every part of a street shall be used and improved. It is sufficient if the street has been opened and used by the public. If the street was dedicated to the public and has been used, that is sufficient to prevent the street, or any part of it which may be necessary for the public in the future, from becoming automatically vacated. The mere fact that a declivity exists in the street, which has never been specially improved, will not vacate that part of the street by non-user. *Olson Land Co. v. Seattle*, 76 Wash. 142, 136 Pac. 118.

We have also held that, as to a county road, when definitely established, an abutting land owner may maintain a suit for the removal of an obstruction in it. *Cunningham v. Weedin*, 81 Wash. 96, 142 Pac. 453. There we also held that the county holds an easement in its highways in trust for the public; reaffirming a principle that had been established in former cases. This also answers, in part, the contention of appellants that the county commissioners were authorized to grant the franchise or permit which was granted to them.

In *Brazell v. Seattle*, 55 Wash. 180, 104 Pac. 155, we held that:

"Abutting owners who are deprived of the right to enjoy the street to its full width immediately in front of their property, being specially injured, are entitled to equitable relief by injunction. The ordinary and well-established rule that owners who are only remotely affected or who sustain no special injury different from that sustained by others in the vicinity, are not entitled to equitable relief, does not apply to them, nor does it deprive them of their right to seek protection in their individual capacity."

That principle was reaffirmed in *Reed v. Seattle*, 124 Wash. 185, 213 Pac. 923, 29 A. L. R. 446, which, it is true, was an action against the city and also against

the private concerns attempting to create obstructions by way of gasoline stations, which were held to be unauthorized and the permits void. There, it was necessary to determine the validity of the purported concession. In such a case as this, without joining the municipality, upon the showing that the obstructions constitute public nuisances and are also specially injurious and damaging to respondents as abutting owners, the action may be brought only against those creating and maintaining the nuisances.

We have sustained the right of abutters upon a platted street to maintain a private action to enjoin a nuisance under Rem. Comp. Stat., §§ 943 and 944, where no public money had been expended upon the street in question, which was the most convenient ingress and egress for the abutting owners to and from their premises. *Vetter v. K. & K. Timber Co.*, 124 Wash. 151, 213 Pac. 927.

We have further held that:

"An abutting property owner's vested interest is to the full width of the street in front of his land, and he is entitled to use the whole thereof for egress and ingress, light, air and view, and for any substantial or material diminution of any of these rights he is entitled to recover in damages." *Fry v. O'Leary*, 141 Wash. 465, 252 Pac. 111.

An abutting owner has two distinct kinds of right in the street, the public one which he enjoys in common with all citizens; and a private one arising from his ownership of contiguous property. *Humphrey v. Krutz*, 77 Wash. 152, 137 Pac. 806.

Under the facts shown in this case, we cannot agree with appellants that the obstructions complained of by respondents were not specially injurious to respondents. Neither can we agree with their contention that

there was no nuisance because there was no substantial or unreasonable obstruction of the highway.

Under the facts and the law, we conclude that the decree of the trial court was correct and must be affirmed. It is so ordered.

MITCHELL, C. J., FULLERTON, MAIN, and FRENCH, JJ., concur.