## No. 16,637.

### CLIFF ET AL. v. BILETT ET AL.
(241 P. [2d] 437)

Decided February 18, 1952.   Rehearing denied March 10, 1952.

Messrs. CALVERT & THRASHER, for plaintiffs in error.

Mr. LEONARD M. CAMPBELL, Mr. THOMAS E. BOYLES, Messrs. QUIAT, SEEMAN & QUIAT, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

THE parties herein appear in the same respective positions as in the district court, and will be referred to as plaintiffs or defendants, or by name.

This case arises under the zoning ordinance of the City and County of Denver as it existed prior to 1951. It involves a review of a judgment of the district court sustaining a decision of the Board of Adjustment of Denver, which granted to Miller's Groceteria Company, Morris Miller and Momax Investment Company a permit to construct, maintain, use and operate a portion of a market building, and all of an adjacent customers' parking lot, in an area designated in the zoning ordinance as residence "C" district. The other defendants appear in their official capacity.

February 23, 1950 defendant, Morris Miller, applied for the permit in question. The application was denied by the Chief Building Inspector, and Miller appealed the decision to the Board of Adjustment. On March 14, 1950, after a hearing, the Board granted the application and issued the permit which authorized the construction of the building a distance of 9½ feet in the residence "C" district. Plaintiffs in error, together with other protestants, appeared at this hearing, and objected to the granting of the permit. On September 11, 1950 plaintiffs filed their complaint in the district court asking for a review of the proceedings before the Board of Adjustment. On October 17, 1950 the trial court dismissed the action because it was not filed within thirty days after

the decision of the Board as required by the charter of Denver, which provides: "Any person * * * aggrieved by the decision of the Board * * * may present to a Court of record a petition * * *. Such petition shall be presented to the Court within thirty days * * *. Upon presentation of such petition the Court may allow a writ of certiorari." Review is here sought of the trial judgment dismissing the action.

The ordinance of the City and County of Denver under which the Board of Adjustment acted was amended on February 8, 1951 by striking out the words, "for revenue," as they related to a parking lot. By this amendment the Board was authorized to permit the operation of a parking lot in any use district. On March 28, 1951 the same ordinance was further amended by the city council obviating the necessity of the applicants having consent of 80 per cent of the property owners in the district affected.

Defendants in error filed a motion to dismiss the writ of error, alleging that following the decision of the trial court these amendments to the zoning ordinance were adopted by the council, and that thereafter, and on April 13, 1951, applicants again applied to the Chief Building Inspector for the identical permit requested in their original application, and after due and proper notice, on May 22, 1951, a hearing was held by the Board of Adjustment on said second application and it was approved and the permit granted. No action was thereafter taken by plaintiffs in error to have this latter action of the Board reviewed. The motion to dismiss is renewed by counsel for defendants in error in their briefs and urged as determinative of this proceeding, with the assertion that the questions presented in the instant case have become moot because the Board of Adjustment, under the amended ordinance, had full authority to grant variance, and no request for a writ in the nature of certiorari having been made after the second application was granted, and the structure and

parking lot having been completed, the questions here involved have become abstract. This contention is sound and determinative of the case.

In the instant case it is not disputed that the ordinance was amended as contended by counsel for defendants in error, and that pursuant thereto the Board of Adjustment authorized the construction and use of the building and the maintenance of the parking lot. Time for review of the action of the Board on May 22, 1951 has long since passed, and the issues presented in the instant case have become moot.

The trial court's order of dismissal of plaintiff's petition was correct, because their application to the district court for a review of the Board's original action was not filed within thirty days after its decision on March 14, 1950, as required by the charter of the City and County of Denver. Plaintiffs did not act timely within the thirty-day limitation provided by the Denver Charter.

The judgment is affirmed.

MR. JUSTICE HOLLAND not participating.