No. 18,014.

BOARD OF ADJUSTMENT OF ADAMS COUNTY, ET AL. *v.* JACK IWERKS, ET AL.

(316 P. [2d] 573)

Decided July 29, 1957.   Rehearing denied September 30, 1957.

Messrs. GOULD, MOCH & SCHERMERHORN, for plaintiffs in error.

Messrs. DONALDSON, HOFFMAN & GOLDSTEIN, for defendants in error.

Mr. J. FRED SCHNEIDER, Mr. JOHN C. BANKS, Mr. ANTHONY F. ZARLENGO, Mr. SHIELDS MASON, Amici Curiae.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS action, instituted in the trial court by defendants in error who were the petitioners below, was in the nature of certiorari. The parties will be referred to as they appeared in the trial court or by name. Plaintiffs in error were the respondents.

Petitioners sought review in the trial court of the action of respondent Board of Adjustment of Adams County in granting a permit to the Inland Construction Company to operate an aggregate plant and commercial gravel pits in a district zoned as Agricultural Two. The complaint refers to a hearing before the Board on June 16, 1955, a denial of the permit at that time and the subsequent issuing of the permit on November 15, 1955. The complaint is devoted entirely to attacking the validity of the proceedings of the Board on those two dates. The court ordered the Board of Adjustment to certify a full transcript of the records, evidence, proceedings and orders of the respondent Board of Adjustment relative to said proceedings.

Inland Construction Company is one of the respondents. It answered the complaint and alleged as a second affirmative defense that the matters set forth in the complaint are moot "for the reason that all of the Priola and Tani (formerly Kash) properties lying East of the Union Pacific Railroad right-of-way, from which the respondent, Inland Construction Company, proposes to extract sand, gravel and aggregate in the County of Adams,

State of Colorado, under a temporary permit granted by the Board of Adjustment of Adams County, is now located with other property to the North thereof, in an INDUSTRIAL ONE ZONING DISTRICT."

Although the trial court limited its consideration to a review of the proceedings of the County Board of Adjustment in June and November of 1955, it received in evidence a certification by the county clerk and recorder of the passage of a rezoning resolution adopted by the Board of County Commissioners on January 9, 1956. By this resolution all of the property involved in the original application for permit was, on that date, rezoned from Agricultural Two to Industrial One. The complaint was filed on February 6, 1956, approximately one month after the property was rezoned by the Board of County Commissioners. Whether building permits or special permits were or were not issued by the Building Department, or whether authority to proceed should or should not be obtained under the rezoning presented new and different issues which were not before the court, and merely emphasize the mootness of the complaint in the nature of certiorari.

The trial court in its findings of fact and conclusions of law devoted both findings and conclusions to a review of the action of the Board of Adjustment prior to the rezoning. It paid no attention to the fact that the property had been rezoned, and set aside and held for naught the original action of the Board of Adjustment. Since the court limited the suit and its inquiry to a review of the action of the Board of Adjustment in granting a variance, there was no opportunity to present to the court the issue as to whether the Inland Construction Company was or was not conducting its operation in violation of the new zoning or whether it had or did not have building permits or special permits or other indicia of authority. No issue was framed by the pleadings on those points. Respondent Inland Construction Company seeks reversal of the judgment of the trial court on the

grounds that the matters alleged in the complaint, upon which the trial court based its findings of fact and conclusions of law, are moot. They are.

■ Whether the Board of Adjustment in the original proceedings in June and November of 1955 exceeded its authority in granting the permit complained of, or whether a variance of the use granted by the Board of Adjustment for gravel operations in an agricultural zone is permissible, need not be determined in view of the conclusion we reach. The new enactments of the Board of County Commissioners reclassifying the property, renders the controversy presented by the complaint in this case moot. Consequently a determination by this court as to the validity of the acts of the Board of Adjustment in this case would serve no useful purpose. Almost a month prior to the filing of the complaint in this case the situation had so materially changed due to rezoning after the issuance of the original permit that the trial court had nothing before it for determination; it was wrestling with a legal problem that was still-born at the time the action was filed. If petitioners now contend that the County Commissioners — the law-making body of the county — have no right to rezone the property; or in that rezoning the procedure was not in accordance with the law; or that some other action must be taken by another department, to-wit, the County Building Department; all of these issues are entirely new and wholly outside of the issue in the action before the trial court. They cannot be raised in this court for the first time. An opinion on the propriety of the action of the Board of Adjustment at this time would be advisory only.

In *Cliff v. Bilett,* 125 Colo. 138, 241 P. (2d) 437, this court had a similar situation under consideration. The facts differed, however, in that the new ordinance was passed by City Council in the City and County of Denver while the action was pending on error in this court. In

holding that the new ordinance rendered the questions then before the court moot, the court said:

"The motion to dismiss is renewed by counsel for defendants in error in their briefs and urged as determinative of this proceeding, with the assertion that the questions presented in the instant case have become moot because the Board of Adjustment, under the amended ordinance, had full authority to grant variance, and no request for a writ in the nature of certiorari having been made after the second application was granted, and the structure and parking lot having been completed, the questions here involved have become abstract. *This contention is sound and determinative of the case.*" (Emphasis supplied.)

■ If an ordinance passed while an action is pending on error renders the question before this court moot, it is certain that a new zoning resolution adopted by the Board of County Commissioners even before the action is commenced renders the original action moot. Holding as we do that the action before the lower court and the proceedings on error before this court are on questions that are now moot, the judgment of the trial court is reversed and the cause is remanded with directions to dismiss the complaint.

On petition for rehearing, the original opinion, as modified herein, is adhered to and the petition for rehearing is denied.

, MR. JUSTICE FRANTZ dissents.

MR. JUSTICE FRANTZ dissenting:

I cannot accede to the holding of the majority opinion, that we are now dealing with a dead controversy; hence, I must dissent.

When does a case become moot? In my opinion, a case properly can be said to be moot only when it does not rest upon existing facts or rights. If any facts or rights are involved, the case should be ours for determination.

As comprehensive a statement on this question of mootness as can be found is that contained in the case of *Reserve Life Insurance Co. v. Frankfather,* 123 Colo. 77, 255 P. (2d) 1035, 39 A.L.R. (2d) 146: "There is no moot case or moot question where there are substantial rights or issues controverted in the case, and it is the duty of this court to review on writ of error any judgment of a trial court where substantial rights or issues are involved, provided the defeated party seeks timely relief thereby. If, however, there is nothing to be determined except an abstract question which is divorced from existing facts or rights or rests upon a pretended controversy, when in fact there is really none, or where a judgment which, when rendered, cannot have any effect upon an existing controversy, then the question is moot; otherwise the question does not become moot, and this court is under a duty to determine issues when properly presented."

The property in question was located in a district zoned as Agricultural Two, under the terms of which a temporary permit might be granted for the operation of an aggregate plant and commercial gravel pits. An application was made under this zoning law and denied by the Board of Adjustment of Adams County on June 16, 1955. On November 15, 1955, at another hearing, a permit was granted. For a number of reasons this permit appears to be invalid.

An action in the nature of certiorari was then filed in the District Court, but shortly before the filing thereof the zoning law was amended, and under the terms of the amendment the district was rezoned as Industrial One. The amended zoning law did not permit the operation of an aggregate plant and commercial gravel pits as a matter of right; it provided for such operation only upon the granting of a special permit.

In the certiorari proceeding the amendment of the zoning law was pleaded as a defense as creating a moot case. It was not asserted in this defense that an appli-

cation was made thereunder for a special permit, and that said application was granted. Plaintiffs in error in their brief advised the court that a special permit under the amended law was obtained; the defendants in error in their brief deny that a special permit was obtained. There is no evidence before this court on this disputed fact. Although it appears to be the rule that allegations, supported by affidavit or evidence, stating that the question before the court had become moot because of changed circumstances, can with propriety be set forth in proceedings before the Supreme Court, even where review is sought of a case in the nature of certiorari, *Cliff v. Bilett,* 125 Colo. 138, 241 P. (2d) 437; *Lehrman Mercantile Co. v. Ireland,* 93 Colo. 209, 24 P. (2d) 750, such cannot be invoked in this case.

Without this important element in the case — the issuance of a special permit under the amended zoning law — we have a case which rests upon existing facts and rights which remove the taint of mootness from the case. The mere fact that a special permit may be sought and may be granted is not sufficient to establish a moot case; and we have no authority to assume that a special permit had issued. Even though a special permit had issued, we cannot take judicial notice of such fact. *West v. Keith,* 154 Wash. 682, 283 Pac. 198, 31 C.J.S. § 41, 606.

In such view of the case it appears to me that Inland is operating under the original permit. The invalidity of this permit is a substantial present issue requiring disposition. Where a permit may be granted under the law after a hearing, and such permit is authorized in violation of the law, and such law is later amended under the terms of which amendment a permit may be authorized, the mere amendment of such law does not create a moot question, but there must be a showing made that a permit was issued under the amended law in order to create a moot situation. *Cliff v. Bilett, supra.* To hold otherwise under such circumstances would deny due process to these defendants in error.