No. 18,527.

ROBERT S. ERICKSON *v.* DONALD L. GROOMER, ET AL.
(336 P. [2d] 296)

Decided March 2, 1959.   Rehearing denied March 23, 1959.

Mr. HENRY S. SHERMAN, Mr. WILLIAM PEHR, for plaintiff in error.

Messrs. CREAMER & CREAMER, for defendants in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

WE refer to the parties by name. Erickson, the Groomers and Ehrenkrook all owned lots in close proximity to each other, located in the Town or City of Westminster; all of the lots had been zoned "A-Residential District" which zoning did not permit the construction of apartment houses. Prior to the filing of this action, the defendant in error, the Board of Adjustment, had granted variances authorizing Erickson to construct a "14-unit multi dwelling" on his lots and authorizing Ehrenkrook to construct a "24-unit structure and 24-unit carport" on his lots. Prior to the filing of this action, building permits had been issued pursuant to the variances, and Erickson had commenced construction by excavating for the foundation and Ehrenkrook had expressed his intention to start construction.

This action was commenced on September 14, 1957, to have the variances and building permits declared illegal and void and to restrain Erickson and Ehrenkrook from building, to restrain the Building Inspector and Board of Adjustment from proceeding further under said variances, and to cancel the variances granted and the permits issued. All defendants, except Erickson, were served on September 13th, 14th or 16th. Purported service on Erickson was not had until October 15, 1957.

On October 25, 1957, hearing was had on Groomers' application for a preliminary injunction, and on that date the trial judge announced his decision from the bench and found the variances and permits void, restrained further building, and directed the part con-

structed by Erickson torn down, dispensed with a motion for a new trial, and directed Groomers' attorney to prepare a written decree. Such written decree was prepared, signed and filed October 28, 1957; the decree follows generally the pronouncement from the bench and goes a step further and permanently enjoins Erickson and directs him to remove all construction not in conformity with the zoning ordinance governing "A-Residential District."

Erickson is here by writ of error seeking reversal.

█ It is at once apparent that if Erickson had been lawfully served on October 15, 1957, the court was lacking in authority to enter a final judgment on October 28, 1957, which was seven days prior to the expiration of the time fixed in the summons and by rule for Erickson to appear. Under the terms of the summons and Rule 12 (a), R.C.P. Colo., Erickson, assuming that service of process was had on him, had until November 4, 1957, to appear and answer. The court was without lawful authority on October 28, 1957, to enter a final judgment providing for a permanent injunction — such judgment was void.

It is a general rule of law that judgments must be entered in conformity with prescribed procedures.

In *People v. Burke,* 72 Colo. 486, 212 Pac. 837, this court quoted with approval the following language from *Windsor v. McVeigh,* 93 U.S. 274:

"The doctrine invoked by counsel, that, where a court has once acquired jurisdiction, it has a right to decide every question which arises in the cause, and its judgment, however erroneous, cannot be collaterally assailed, is undoubtedly correct as a general proposition, but, like all general propositions, is subject to many qualifications in its application. * * * If the action be for a libel or personal tort, the court cannot order in the case a specific performance of a contract. If the action be for the possession of real property, the court is powerless to admit in the case the probate of a will. * * * *The*

*doctrine stated by counsel is only correct when the court proceeds, after acquiring jurisdiction of the cause, according to the established modes governing the class to which the case belongs, and does not transcend, in the extent or character of its judgment, the law which is applicable to it."* (Emphasis supplied.)

The final judgment of the trial court insofar as it affected Erickson is void.

On July 23, 1958, Erickson filed his motion with this court requesting that the judgment of the trial court be reversed and that this court remand the case to the trial court, with instructions that the trial court dissolve the injunction entered against Erickson and dismiss plaintiff's action with prejudice. He assigns as reason therefor the fact that the questions presented by plaintiff's complaint have been rendered moot by legislative action of the City of Westminster in adopting Ordinance No. 283 rezoning the property in question and other property so that the apartment houses provided for in the variances are now in conformity with the zoning ordinance as amended. This ordinance, copy of which is attached to the motion, became effective July 5, 1958. On September 25, 1958, we denied this motion.

On December 31, 1958, Erickson filed with this court another motion seeking reversal and remand as above requested, urging the same reasons set forth in his former motion and the additional reason that Ordinance No. 283 had been referred to the electors of Westminster at a referendum election on December 2, 1958, on the question of amending the zoning ordinance of the City of Westminster by the repeal of Ordinance No. 283, and that the electors had voted against the repeal of said Ordinance No. 283. This motion is supported by the certificate of the City Clerk showing the above stated results of said election.

The Groomers have filed nothing challenging any of the facts set forth in either motion.

It appears that there is now no justiciable controversy

between Groomers and Erickson; that all questions before this court are moot.

The following language found in *Board v. Iwerks,* 135 Colo. 578, 316 P. (2d) 573, can well be applied to this case:

"If an ordinance passed while an action is pending on error renders the question before this court moot, it is certain that a new zoning resolution adopted by the Board of County Commissioners even before the action is commenced renders the original action moot. Holding as we do that the action before the lower court and the proceedings on error before this court are on questions that are now moot, the judgment of the trial court is reversed and the cause is remanded with directions to dismiss the complaint."

The judgment of the trial court is reversed and the cause remanded with directions to the trial court to dissolve the injunction entered insofar as it affects Erickson and his property described in the decree, and to enter an order dismissing Groomers' complaint as against Erickson.

Mr. CHIEF JUSTICE KNAUSS not participating.