No. 19,140.

WESTWOOD MEAT MARKET, INC., ET AL. *v.*
JOHN D. McLUCAS, ZONING ADMINISTRATOR, ETC., ET AL.

(361 P. [2d] 776)

Decided May 8, 1961. Rehearing denied May 29, 1961.

Messrs. DONALDSON, HOFFMAN AND GOLDSTEIN, for plaintiffs in error.

Mr. LOUIS G. ISAACSON, Mr. RICHARD H. SIMON, for defendants in error Athmar Investment Company, Alameda Shopping Center, Inc., F. W. Woolworth Co., G. R. Kinney Shoes Corporation, Old South Restaurant, Kings Soopers, Inc., and the C. M. Hathaway Company.

*In Department.*

Opinion by MR. CHIEF JUSTICE HALL.

THE parties appear here in the same order as in the trial court and we refer to them as plaintiffs and defendants.

This action was commenced by Thomas P. Kennedy and Philip Cohen, lessees of premises far removed from the lands in question, original plaintiffs, doing business as Englewood Meat Market "on behalf of themselves and all other persons similarly situated" against John D. McLucas, Zoning Administrator of the City and County of Denver, and Donald S. Harter, Chief Building Inspector of the City and County of Denver, defendants in error, to whom we refer as defendants.

Plaintiffs sought an injunction restraining defendants from issuing any zoning or building permit for construction of any improvements other than one-family residences on certain lands described in the complaint as:

"That area bounded on the north by West Alameda Avenue, on the south by West Virginia Avenue, on the west by South Zuni Street, and on the east by South Tejon Street, excepting therefrom the following:

"1. The east 550 feet thereof,

"2. The south 110 feet thereof, and

"3. The northerly portion thereof now (prior to November 7, 1955) classified as a B-3 (Zoning) District."

This tract of land may be generally described as Alameda Shopping Center.

Kennedy and Cohen were adjudicated bankrupts and on October 10, 1958, Westwood Meat Market, Inc., was substituted for them as plaintiff.

In plaintiffs' brief it is stated:

"That the plaintiffs were taxpayers *with interests in real property within the general area* [*of the Alameda Shopping Center*] *and engaged in business therein, and sought to enforce the rights of themselves and others having property interests in the area.*" (Emphasis supplied.)

The complaint alleges that pursuant to an ordinance of Denver enacted in February 1925 the property in

question was classified as "R-1" (residential); that in November 1955 the City Council of Denver enacted an ordinance which changed the classification of said land to "B-3" which authorized extensive business and trade uses; it was alleged that the last mentioned ordinance was not passed after a bona fide hearing or in accordance with a comprehensive plan to meet the charter purposes and that said 1955 ordinance was unlawful "spot zoning"; that defendants proposed to issue building permits for a shopping center and that issuance of said permits would deprive plaintiffs of property without due process of law.

To this complaint defendants filed their motion to dismiss on the ground that the complaint does not state a claim on which relief can be granted, and later an answer admitting some and denying other allegations of the complaint. By way of new matter and as a "First Additional Defense," defendants set up the fact that subsequent to the filing of the complaint and in 1956, after the aforementioned 1955 ordinance had been declared invalid, the Denver City Council passed a complete, general and comprehensive zoning ordinance for the City and County of Denver, therein designating the questioned tract of land as "B-3."

On November 10, 1958, Alameda Shopping Center, Inc., and Athmar Investment Company, lessee and owner respectively of the property in question, now known as the Alameda Shopping Center, were permitted to intervene as defendants and filed an answer setting up the same matters as those contained in the answer of the defendants and pleaded that the action was moot in view of the comprehensive 1956 zoning ordinance.

Following this the plaintiffs filed a supplemental complaint challenging the 1956 ordinance on the ground that it was "spot zoning" and that the Denver City Council acted without a final report from the Zoning Commission. The prayer of the supplemental complaint was similar to that of the original.

On motion of plaintiffs additional parties were by leave of court joined as defendants on the basis of their having by lease or otherwise acquired some interest in the rezoned site. These additional defendants filed their answer adopting the answer of the other defendants as their own.

Still later, November 10, 1958, Athmar Park Shopping Center, Inc., and Abe Perlmutter were made additional plaintiffs on their own motion on the basis that they were the owners of Athmar Shopping Center, located approximately a mile from the property in question.

Upon trial and after further argument by defendants, their motion to dismiss was granted. The trial judge assigned as reasons therefor that (1) plaintiffs are not aggrieved persons, and (2) the enactment of the November 1956 rezoning ordinance made the case moot.

From this judgment of dismissal the plaintiffs bring the case here for review. They contend that even though they are not property owners within the questioned area or within one hundred feet thereof, they may maintain the instant action because the 1956 rezoning ordinance in question constitutes "spot zoning." We find no merit in this contention.

■ Here we have a case where the original plaintiffs alleged that they were engaged in a commercial enterprise "with *interests* in real property within the *general area.*"

The additional plaintiffs, Athmar Park Shopping Center, Inc., and Abe Perlmutter, are admittedly doing a commercial business at a point over a mile from the area here considered. The present plaintiff, Westwood Meat Market, is lessee only of the property operated by the original plaintiffs, and said property is not in the district zoned nor within the area adjacent thereto so as to be entitled to object. Plaintiffs appear not as owners of property which is adversely affected by any zoning ordinance, but as owners or lessees of property seeking to prevent the erection of a competitive shopping center

contemplated by defendants, by attacking the ordinance which zoned the questioned tract as "B-3."

They were not owners of residential property which might be adversely affected by the rezoning, but were owners or lessees of business property of the type authorized by the rezoning. It is abundantly manifest that the sole purpose of plaintiffs was to ward off competition that might well develop if defendants are permitted to use their property for the same purposes that plaintiffs are using theirs.

Zoning can be justified only as a proper exercise of the police power. Restrictions on the use of property must bear a substantial relation to the public health, safety, morals or general welfare.

By the same authority that Denver had imposed restrictions on the use of the property in question it had authority on a proper showing to lift or modify those restrictions when no vested rights were affected.

Significantly no owner of residential property protested the rezoning of the subject property.

The trial court properly held that none of the plaintiffs was an aggrieved person and thus entitled to attack the 1956 Zoning Ordinance. Zoning may not be used as a means of stifling proposed competition.

In support of the foregoing, see: *Cliff v. Bilett,* 125 Colo. 138, 241 P. (2d) 437; *Board v. Iwerks,* 135 Colo. 578, 316 P. (2d) 573; *Denver v. Denver Buick,* 136 Colo. 482, 319 P. (2d) 490; *Erickson v. Groomer,* 139 Colo. 32, 336 P. (2d) 296; *Denver v. Denver Buick, Inc.,* 141 Colo. 121, 347 P. (2d) 919; *Denver v. Redding-Miller,* 141 Colo. 269, 347 P. (2d) 954.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ concur.