64

## No. 20962.

MERRITT D. BLADES, ET AL. *v.* OPAL S. SANDERS.

(404 P.2d 520)

Decided August 2, 1965.

BRUCE OWNBEY, DAVID G. MANTER, for plaintiffs in error.

E. CLIFFORD HEALD, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to the parties by name. On February 10, 1961, Opal S. Sanders, the former wife of Merritt D. Blades, obtained a judgment against him in the amount of $3,120.09 in the district court of the City and County of Denver. An execution issued to enforce collection of

the judgment to which the sheriff made a *nulla bona* return.

Opal then commenced another action in the nature of a creditor's bill in which she sought to impress a lien on certain real estate, the legal title to which stood in the name of Clara E. Blades. By foreclosure thereof she sought to satisfy the above-mentioned judgment. Generally, it was alleged in the complaint that a conveyance of the real estate from Merritt to his wife Clara was executed, delivered, and recorded in order "* * * to hinder, delay and defraud the creditors of him the said defendant, Merritt D. Blades, and particularly in order to hinder, delay and defraud the plaintiff * * *."

The trial court, after trial of the issues in the case, entered judgment and decree in favor of the plaintiff impressing upon the real estate in question a lien for the amount due under the judgment theretofore entered against Merritt D. Blades. It also ordered sale of an undivided one-half interest in the real estate unless the judgment was satisfied within ten days. By writ of error Merritt and Clara now seek review of the judgment.

■ Following the entry of the judgment and decree of the trial court, it affirmatively appears from the motions and briefs filed by counsel with the clerk of this court, that the judgment obtained by Opal S. Sanders in the first case filed by her has been voluntarily satisfied, and that the lien with which the property involved in this action was impressed has been fully released.

Thus all issues properly before this court for consideration on the record and briefs submitted are now moot. Under the rule announced in *Denver Buick, Inc., et al. v. City and County of Denver, et al.,* 136 Colo. 484, 319 P.2d 216, and *Board of Adjustment of Adams County, et al. v. Iwerks, et al.,* 135 Colo. 578, 316 P.2d 573, the writ of error is dismissed.