## No. 25169

**City of Englewood, a Colorado Municipal Corporation v. Oliver S. Kingsley, Agnes Kingsley, and Charles Kingsley**
(497 P.2d 1004)

Decided May 30, 1972.

Bernard V. Berardini, George B. Lee, for plaintiff-appellee.

Robert L. Tognoni, for defendants-appellants.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Appeal herein involves directly a judgment in favor of the City of Englewood and against the Kingsleys in the amount of $8,406.40; the imposition of a lien on the Kingsley property and order of foreclosure of the lien to satisfy the judgment. However, resolution of the questions requires also a determination of the validity of a prior court injunction against the Kingsleys, which they now attack as void for want of jurisdiction.

The extensive litigation between Englewood and the Kingsleys was commenced in 1968. A summary of the action taken then and subsequent court disposition is necessary for an understanding of the present appeal.

Englewood filed suit in the district court alleging that the Kingsleys "were openly and notoriously violating an ordinance of the City of Englewood numbered Ordinance No. 19, Series of 1963, relating to the regulation of automobile wrecking yards and junk yards" and set forth seven particulars of violation of said ordinance.

The prayer of the complaint sought an order of court to enjoin the defendants from operating an automobile wrecking yard and junk yard until such time as defendants complied with the ordinance.

In the second cause of action, Englewood alleged a violation of Ordinance No. 3, Series of 1963, which controls the depositing of litter on private premises, and charged the Kingsleys were throwing or depositing litter on occupied private property within the City of Englewood.

The prayer of the complaint sought an order on the second cause of action enjoining the defendants and each of them from depositing or from causing to be deposited litter upon the premises, and further ordering defendants to remove all litter from the premises within a time certain to be determined by the court.

In each cause of action, the City alleged that it had no speedy and adequate remedy to compel compliance with the ordinances by the defendants, or persons under their control, except through the equitable jurisdiction of the court.

After several motions, an answer was filed by the

Kingsleys, but before trial was had, a stipulation between the parties was signed on December 12, 1968. By its terms, the Kingsleys agreed to an order as requested by Englewood; that a judgment should enter in favor of Englewood which would state that the Kingsleys were in violation of the ordinances; that defendants would be enjoined from using the property as an automobile wrecking yard or junk yard as described in the complaint.

The stipulation then provided that the Kingsleys would bring the property described into conformity with the ordinances, rules and regulations of the City of Englewood as may be applicable on or before April 15, 1969. If they failed to bring the property into conformity as agreed, then Englewood was empowered to take all necessary steps to assure the real property be brought into compliance. After the property was cleaned up by Englewood in accordance with this stipulation, the City was required to file a report with the court indicating the necessary expenses incurred by Englewood in accomplishing the clean-up. The Kingsleys were given thirty days in which to pay the amount into the registry of the court to be disbursed to Englewood. If the Kingsleys failed to pay, then Englewood was granted an equitable lien upon the property described. The court order and judgment was in accord with the stipulation.

I.

■ It is the position of the Kingsleys that Englewood's remedy lies only in issuing a citation out of or filing a complaint in the Municipal Court for violation of the ordinances. Consequently — it is argued — the district court has no jurisdiction to enjoin the Kingsleys from violating the ordinances. If these contentions are correct, the argument follows that the stipulation in the district court is void and of no force and effect.

These arguments are without merit. It is now the generally accepted rule that uses not in compliance with zoning may be enjoined. *Board of County Commissioners v. Thompson,* 177 Colo. 277, 493 P.2d 1358. Even when

permitted by zoning regulations, uses may be enjoined if they constitute a nuisance. *Hobbs v. Smith,* 177 Colo. 299, 493 P.2d 1352.

## II.

The court had jurisdiction, the Kingsleys submitted thereto, and the stipulation was knowingly entered into. An exhaustive hearing was granted to the Kingsleys in connection with their claim that the costs to the City in bringing the property into compliance was unreasonable and excessive. Extensive findings by the court adverse to the Kingsleys were entered and are fully supported by the evidence.

Judgment is affirmed.

MR. JUSTICE LEE not participating.