**Albert R. RICH, Marilyn H. Rich, Wilson W. Henderson, Margaret E. Henderson, Francis G. Heathman, Judy A. Heathman, Robert I. Brown, Mary S. Brown, Robert L. Hunt, Sally L. Hunt, Derrell Moran, and Dorothy Moran, Plaintiffs-Appellees,**

v.

**CITY OF ENGLEWOOD, a municipal corporation, Defendant-Appellant.**

**No. 81CA0497.**

Colorado Court of Appeals,
Div. I.

June 17, 1982.

Rehearing Denied Aug. 26, 1982.

Certiorari Granted Feb. 7, 1983.

Miller & Leher, Robert C. Leher, Littleton, for plaintiffs-appellees.

Deisch & Marion, P.C., Brad W. Breslau, Denver, George L. Zoellner, Aurora, Rick DeWitt, City Atty., Englewood, for defendant-appellant.

Banta, Hoyt, Malone & Banta, P.C., J. Mark Hannen, Stephen G. Everall, Englewood, for amicus curiae City of Greenwood Village.

VAN CISE, Judge.

This case involves the alleged non-compliance by the defendant, City of Englewood (the city), with its own zoning ordinance. The city appeals an order preliminarily enjoining it from proceeding further with the construction or utilization of a water tower

and an order denying its motion to dissolve the preliminary injunction. We affirm.

The city constructed, but because of this litigation has not yet commenced using, a 135.64 foot water tower on a site owned by it within the city. The area is zoned R–3 (high density residential). The height limitation for any structure in an R–3 district is 60 feet, and a structure must be set back 25 feet from the front and rear and 15 feet from the side lot lines. As to height exceptions, the zoning ordinance, in pertinent part, provides that:

"(1) A principal permitted building or structure, or a building or structure permitted by Conditional Use, may exceed the height limitation for the particular Zone District in which said building or structure is located if, for each additional foot of height, an additional foot of side yard is provided in addition to each minimum side yard required.

. . . .

"(3) Bulkheads, elevator penthouses, observation towers, transmission towers, chimneys, ventilators and smoke stacks, skylights, derricks, conveyors, water towers and tanks, fire towers, hose towers, cooling towers, grain elevators, or other structures where the manufacturing process requires a greater height, may exceed the height limitation, provided that such structures above the height limitations specified in this Chapter shall not be allowed for the purpose of providing additional floor space, and, provided further, that they are set back one (1) foot from all lot lines for each additional foot in height."

The tower was set back from the lot lines in distances ranging from 46.7 to 79.8 feet.

Claiming that the tower exceeded the maximum height limitation and that the requisite setback requirements had not been complied with, the plaintiffs, owners of land adjacent to or in the vicinity of the tower site, brought this action against the city for injunctive relief, damages for nuisance, and damages for inverse condemnation. After a hearing, the court granted a preliminary injunction.

The city appealed from the preliminary injunction. While the appeal was in process, it acquired additional land which enlarged its site to provide for setbacks ranging from 76.02 to 80.72 feet. It then withdrew its appeal and filed a motion to dissolve the injunction on the ground that it is now in compliance with the setback requirements. The plaintiffs asserted that the city had miscalculated those requirements and that the tower was still in violation. The trial court held for the plaintiffs and refused to dissolve the injunction.

This appeal presents a question relating to the proper interpretation of the quoted height exceptions provisions of the city's zoning ordinance. The plaintiffs assert that section (1) applies and that the tower must be set back 75.64 feet (135.64 feet minus 60 feet) in *addition* to the minimum setbacks—a total of 90.64 feet from the side lot lines and 100.64 feet from the front and rear lot lines. The city contends that section (3) is applicable, and that the tower need only be set back a distance of 75.64 feet from *all lot lines.*

As we view the exception provisions, it does not matter whether section (1) or (3) is applied; the result is the same. Section (1) is more precise in its wording, but section (3) also means that the setbacks are increased by one foot from all lot lines for each additional foot in height over the 60 foot maximum. The city's interpretation would lead to the absurd result that with a 59 foot tower the standard setbacks would be required but with a 61 foot tower only one foot setbacks would be required. *See Bachicha v. Municipal Court,* 41 Colo.App. 198, 581 P.2d 746 (1978).

Contrary to the city's contentions, an injunction is an appropriate remedy for violations of zoning ordinances. *City of Englewood v. Kingsley,* 178 Colo. 338, 497 P.2d 1004 (1972); *City & County of Denver v. Chuck Ruwart Chevrolet, Inc.,* 32 Colo. App. 191, 508 P.2d 789 (1973). And those whose interests are affected, plaintiffs here, have the right to insist on the city following

its own zoning requirements.[1] *See McArthur v. Zabka,* 177 Colo. 337, 494 P.2d 89 (1972).

The other contentions of the city are without merit.

Judgment affirmed.

COYTE and TURSI, JJ., concur.

---

1.  " '[A] city in operating a water works system acts in its proprietary or business, and not in its political or governmental capacity, and in so acting is governed largely by the same rules that apply to a private corporation.' *County of Larimer v. City of Fort Collins,* 68 Colo. 364, 367, 189 P. 929, 930 (1920); *see also Englewood v. Denver* [123 Colo. 290, 229 P.2d 667 (1951) ]." *City of Northglenn v. City of Thornton,* 193 Colo. 536, 569 P.2d 319 (1977). *Cf. Clark v. Town of Estes Park,* Colo.App., 654 P.2d 855 (1982).