**CITY OF ENGLEWOOD, a municipal corporation, Petitioner,**

v.

**Albert R. RICH, Marilyn H. Rich, Wilson W. Henderson, Margaret E. Henderson, Francis G. Heathman, Judy A. Heathman, Robert I. Brown, Mary S. Brown, Robert L. Hunt, Sally L. Hunt, Derrell Moran, and Dorothy Moran, Respondents.**

No. 82SC345.

Supreme Court of Colorado,
En Banc.

Aug. 20, 1984.

Rick DeWitt, City Atty., Thomas V. Holland, David J. Menzies, Asst. City Attys., Brad Breslau, Sp. Asst. City Atty., Englewood, for petitioner.

Robert C. Leher, Miller & Leher, Littleton, for respondents.

DUBOFSKY, Justice.

We granted certiorari to review the Court of Appeals' judgment in *City of Englewood v. Rich*, 657 P.2d 961 (Colo.App. 1982) which affirmed a district court order enjoining operation of a water tower built by the City of Englewood in violation of Englewood's zoning ordinances. We vacate the judgment and remand the case for the district court to consider an amendment to the ordinance.

In April of 1980, the plaintiffs brought suit to enjoin Englewood from constructing a water tower within Englewood city limits. The plaintiffs contended that the tower would violate Englewood's zoning ordinances governing the distance that a water tower must be set back from lot lines. The plaintiffs, residents of Greenwood Village, own real property in the neighborhood of the water tower located at the east edge of Englewood; they alleged that construction of the tower would reduce the value of their property.

The district court granted the plaintiffs' motion for a preliminary injunction on June 2, 1980, enjoining operation of the substantially completed tower. Englewood appealed and, in an effort to comply with its zoning ordinances, acquired additional property to increase the set back of the water tower. Englewood requested, and the Court of Appeals granted, a dismissal of the appeal and Englewood moved the district court to dissolve the injunction on the grounds that Englewood was now in compliance with applicable zoning ordinances. The district court disagreed with Englewood's construction of the zoning ordinances' set back requirements and refused to dissolve the injunction.

Englewood again appealed. While this second appeal was pending, the Englewood City Council amended its zoning ordinances to exempt city utilities from zoning regula-

tions.[1] The Court of Appeals affirmed the preliminary injunction based on the amount of set back required without considering the effect of the amendment exempting public utilities from zoning restrictions. We granted Englewood's petition for certiorari review.

Because the Council's amendment of the Englewood zoning ordinances changes the facts of this case significantly, *see Erickson v. Groomer*, 139 Colo. 32, 336 P.2d 296 (1959) (zoning ordinance amendment which permitted contested use, adopted while appeal pending, made issue moot), we believe it would be appropriate for the district court to reconsider its preliminary injunction. We therefore vacate the judgment of the Court of Appeals and remand this case for return to the district court for consideration of the effect on this case of the amendment to the Englewood zoning ordinances.

Judgment vacated and case remanded.

1. The city's zoning amendment reads in pertinent part:

"The regulations, requirements, limitations and provisions of this Ordinance shall not apply to public utilities owned and/or operated by the City of Englewood." City of Englewood Municipal Ordinance No. 34 (1982).