The DENVER FIRE REPORTER AND PROTECTIVE CO., a Colorado corporation d/b/a Denver Burglar Alarm Co., Plaintiff-Appellee,

v.

Richard E. DUTTON d/b/a East Evans Radio & TV, Inc., Defendant-Appellant.

No. 85CA0462.

Colorado Court of Appeals, Div. II.

Dec. 18, 1986.

Rehearing Denied Jan. 15, 1987.

Certiorari Granted (Dutton) May 18, 1987.

Willard B. Hardesty, P.C., Willard B. Hardesty, Wheat Ridge, for plaintiff-appellee.

Richard F. Thurston, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Richard E. Dutton, d/b/a East Evans Radio and TV, Inc., appeals from a default judgment entered against him in a breach of contract case. Specifically, he alleges that the trial court erred in denying his motion made under C.R.C.P. 60(b) to set aside the default and the resulting judgment on the basis of mistake, inadvertence, and excusable neglect and that he had a meritorious defense and counterclaim. He also alleges that he was not given notice pursuant to C.R.C.P. 55(c). We dismiss the appeal.

The facts are undisputed. On May 8, 1984, the instant action was filed by the plaintiff, and service of a summons and complaint was made upon Dutton on that date. When no answer was received within twenty days of service, a motion for de-

fault judgment was prepared and submitted to the court. Default judgment was entered pursuant thereto on June 18, 1984.

Subsequently on August 13, 1984, a motion, order and citation pursuant to C.R. C.P. 69 were served upon the defendant. Thereafter, the assigned judge, *sua sponte*, disqualified himself and set aside the default judgment he had previously entered.

After a new judge was assigned and a pro se "answer" was filed, a new default judgment was entered against Dutton on September 11, 1984. Subsequent thereto a new hearing was set pursuant to C.R.C.P. 69.

On December 5, 1984, defendant filed his motion to vacate the reentered judgment.

A hearing on the C.R.C.P. 69 proceeding at which Dutton appeared was held, and as a result thereof, it was agreed between the parties that an amount sufficient to satisfy the judgment would be deposited in the Registry of the Court pending determination of Dutton's motion to vacate. The motion was heard and denied in January of 1985. No stay was sought, and plaintiff moved for payment of the funds previously deposited. That motion was granted. The money was paid and a satisfaction of judgment was filed.

We are faced initially with a threshold issue—whether this appeal is moot. A motion to dismiss on that basis was previously denied by another division of this court.

■ Ordinarily, a ruling by one division of this court would, by the "law of the case" doctrine, be considered as binding on another division addressing the same issue. However, that rule is not applicable if the matter at issue is one of jurisdiction. *Sanchez v. Straight Creek Constructors*, 41 Colo.App. 19, 580 P.2d 827 (1978). Also, if manifest injustice would result from one division being bound by an earlier ruling of another division, then the earlier ruling need not be followed. *Verzuh v. Rouse*, 660 P.2d 1301 (Colo.App.1982).

■ We now hold that where, as here, the record discloses that all of the issues on appeal have become moot, there is no purpose to be served by addressing them

merely because a division of this court denied a preliminary motion to dismiss made on this basis.

■ By agreeing to deposit funds sufficient to satisfy the judgment subject to the court's ruling on his motion, and by not resisting ultimate payment in satisfaction of the judgment, Dutton has rendered all of the issues which he raises on appeal moot. When all of the issues raised on appeal are moot, the appeal must be dismissed. *Blades v. Sanders*, 158 Colo. 64, 404 P.2d 520 (1965); *Lininger v. City of Sheridan*, 648 P.2d 1097 (Colo.App.1982).

Appeal dismissed.

KELLY and STERNBERG, JJ., concur.